UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETT KOEHLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PEPPERIDGE FARM, INC.<br><br>Defendant. | Case No.: 13-cv-02644-YGR<br><br>**ORDER GRANTING DEFENDANT PEPPERIDGE FARM INC.'S MOTION TO TRANSFER PROCEEDINGS** |

Plaintiff Garett Koehler ("Plaintiff" or "Koehler") filed this putative class action against Defendant Pepperidge Farm, Inc. ("Pepperidge Farm") on June 10, 2013. (Compl. [Dkt. No. 1].) Plaintiff seeks monetary damages and injunctive relief on the grounds that Pepperidge Farm has deceptively labeled "certain flavors of [its] 'Natural' Goldfish® Crackers" in order to mislead consumers. (Compl. ¶¶ 1–2.) Pepperidge Farm is also a defendant in another putative class action filed on November 6, 2012 in the District of Colorado, *Bolerjack v. Pepperidge Farm, Inc.*, Case No. 12-cv-02918-PAB-BNB ("*Bolerjack* Action").

Pepperidge Farm has filed a Motion to Dismiss, Stay, or Transfer Proceedings to the District of Colorado based on the first-to-file rule or, alternatively, 28 U.S.C. section 1404(a) ("Section 1404(a)"). ("Motion" [Dkt. No. 12].) Koehler filed an Opposition to Motion to Dismiss. ("Opposition" [Dkt. No. 17].) Pepperidge Farm filed a reply in turn. (Dkt. No. 18.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Pepperidge Farm's Motion to Transfer Proceedings under the first-to-file rule.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 10, 2013.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Instant Action

On June 10, 2013, Koehler filed this putative class action in the Northern District of California in his individual capacity and on behalf of "[a]ll California persons who have purchased, for personal use, Pepperidge Farm's Goldfish crackers that contain genetically modified soy since June 2009." (Compl. ¶ 54.)

Pepperidge Farm markets, advertises, sells, and distributes Goldfish Crackers to California purchasers in food chains, mass discounters, mass merchandisers, club stores, convenience stores, drug stores, and dollar stores. (Compl. ¶ 1.) The allegations in the Complaint stem from the use of a "natural" label in marketing and advertising Goldfish crackers. (*Id.*)

Koehler alleges that Pepperidge Farm has labeled Goldfish crackers deceptively because "[s]ome of these flavors" are, in fact, unnatural. (Compl. ¶ 33.) Specifically, Koehler alleges that Goldfish Crackers cannot be natural because several of its ingredients are derived from genetically-modified organisms ("GMOs"). (*Id.*) These ingredients include soy, vitamin B1, vitamin B2, folic acid, and leavening. (*Id.*)

Koehler alleges four claims: (1) Violation of California Consumers Legal Remedy Act, Cal. Civ. Code section 1750, *et seq.* ("CLRA"); (2) Violation of the unfair and fraudulent prongs of Cal. Bus. & Prof. Code section 17200, *et seq.* ("UCL"); (3) Violation of the unlawful prong of Cal. Bus. & Prof. Code section 17200, *et seq.*; and (4) Violation of California False Advertising Law Cal. Bus. & Prof. section 17500 *et seq.* ("FAL").

### B. The *Bolerjack* Action

On November 6, 2012, plaintiff Sonya Bolerjack initiated the *Bolerjack* Action in the District of Colorado on behalf of herself and "all United States persons who have purchased Pepperidge Farm Cheddar Goldfish crackers containing Soybean Oil, for personal use, during the period extending from November 6, 2008, through and to the filing date of this Complaint."

(Motion, Ex. A (Class Action Complaint in *Bolerjack v. Pepperidge Farm* ["*Bolerjack* Compl."] ¶ 44.)[2] Bolerjack is represented by the same counsel as Koehler, Benjamin M. Lopatin.

The only product at issue in the *Bolerjack* Action is Pepperidge Farm's *Cheddar* Goldfish crackers. (*Id.* ¶ 1.) She alleges that Pepperidge Farm has misled consumers by using the "natural" label on products that are not natural. (*Id.*) Specifically, Bolerjack alleges that these products contain GMOs in the form of soy and/or soy derivatives. (*Id.* ¶¶ 1–2 & 15.)

Bolerjack alleges three claims: (1) knowingly making false representations and advertising goods with intent not to sell them as advertised in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. sections 6-1-105(e),(i) ("CCPA"); (2) breach of express warranty; and (3) negligent misrepresentation.

## II. DISCUSSION

### A. First-to-File Rule

A federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary."). The first-to-file rule is "a generally recognized doctrine of federal comity" permitting a district court to decline jurisdiction over an action. *Inherent.com v. Martindale–Hubbell,* 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing *Pacesetter*, 678 F.2d at 94–95). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). As such, the rule should not be disregarded lightly. *See Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Courts

---

[2] The Court notes that Pepperidge Farm *twice* failed to comply with Civ. L.R. 7-5 by attaching exhibits directly to its Motion and Reply. Civ. L.R. 7-5 provides: "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration." Because Plaintiff neither objects to nor disputes the authenticity of the exhibits, the Court will consider the exhibits as necessary to resolve this Motion. Counsel for Defendant is cautioned to comply with Civ. L.R. 7-5 in future practice in this district.

analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946 F.2d at 625).

A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Ward*, 158 F.R.D. at 648 (citing *Alltrade*, 946 F.2d at 628).

As a preliminary matter, the Court notes that Pepperidge Farm has moved to dismiss, or, alternatively, stay or transfer the proceedings to the District of Colorado. While Pepperidge Farm does provide some independent reasons why dismissal and stay are appropriate, its arguments for application of the first-to-file rule are made jointly in support of dismissal, stay, and transfer. As will be discussed in more detail below, the Court finds that transfer is appropriate in this action. As such, the Court declines to dismiss or stay this action (including grounds based on the primary jurisdiction doctrine, which were first raised in the reply brief and to which Plaintiff has not had the opportunity to respond) and will not address those arguments herein.

**B.      Analysis**

As noted above, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 628. When found to be applicable, the rule gives courts the power to transfer, stay, or dismiss the case. *Id.* at 623. For the reasons discussed below, the Court finds that this action should be transferred to the District of Colorado.[3]

---

[3] The Court notes that none of the typical exceptions to the first-to-file rule (bad faith, anticipatory lawsuits, or forum shopping) appear to be implicated here.

4

### 1. Chronology of Actions

The first factor that must be satisfied in order for the first-to-file rule to apply is the chronology of actions. The action in the transferee district court must have been filed prior to the action in the transferor district court.

Here, the *Bolerjack* Action was filed on November 6, 2012 in the District of Colorado. Koehler filed the instant suit in this district over seven months later, on June 10, 2013. Thus, the first factor regarding the chronology of actions is satisfied.

### 2. Similarity of the Parties

The second factor considered is whether the parties in each case are similar. Pepperidge Farm argues that this factor favors application of the first-to-file rule because (i) it is the defendant in both cases, and (ii) the classes overlap. (Motion at 7.) Pepperidge Farm argues that with class actions, courts look to the similarity of the class rather than the similarity of the class representatives. (*Id.*) Koehler responds that because he is the Plaintiff in this action and Bolerjack is the plaintiff in the Colorado action, "there is no question that the parties are different" and "[f]or this reason alone, the Motion should be denied." (Opposition at 5.) Plaintiff is incorrect.

Courts have held that "the first-to-file rule *does not require* strict identity of the parties, but rather *substantial similarity*." *Adoma*, 711 F. Supp. 2d at 1147 (emphasis supplied) (citing *Inherent.com,* 420 F. Supp. 2d at 1097); *see Microchip Tech.,* 2011 WL 2669627, at *3 (transferring case under first-to-file rule despite plaintiffs' arguments that a named plaintiff and a named defendant were not parties in the first-filed action). Put another way, "[e]xact identity is not required to satisfy the first-to-file rule." *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, No. CIV 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (citation omitted); *Microchip Tech.,* 2011 WL 2669627, at *3 (exact identity not required).[4]

---

[4] *See also Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002) (finding the first-to-file rule applicable despite the fact that two named plaintiffs were not named parties in the first-filed action); *British Telecomm. plc v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993) ("Based on the facts

Courts within the Northern District of California have taken two approaches regarding the comparison of the classes prior to class certification for the purposes of a motion to transfer under the first-to-file rule. For example, in *Lac Anh Le v. PricewaterhouseCoopers LLP,* No. C–07–5476 MMC, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008), the court denied defendant's motion to stay under the first-to-file rule without prejudice, holding that because the classes in the first and second-filed lawsuits had not yet been certified, a comparison of the individual plaintiffs in each lawsuit was appropriate and showed that the parties were not the same. Other Northern District courts, including this Court, have applied what appears to be the more widely accepted rule of comparing the putative classes even prior to certification. *Ruff v. Del Monte Corp.*, No. C 12-05251 JSW, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013) (White, J.) (finding substantial similarity among three putative class actions relating to product labeling); *Ross v. U.S. Bank Nat. Ass'n,* 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (Illston, J.); *Weinstein v. Metlife, Inc.,* No. C 06–04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006); *see also Adoma*, 711 F. Supp. 2d at 1147 ("In a collective action, the classes, and not the class representatives, are compared.") (citation omitted); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696-YGR, 2013 WL 3476801, at *6 (N.D. Cal. July 10, 2013). Consequently, the Court is not persuaded by Koehler's additional argument that it is improper to compare classes prior to certification.

Here, Pepperidge Farm is the sole defendant in both the instant action and the *Bolerjack* Action. With respect to the putative classes, plaintiff in the *Bolerjack* Action seeks to represent a nationwide class of consumers that purchased Cheddar Goldfish Crackers containing soybean oil from November 6, 2008 to November 6, 2012. In the instant action, Koehler seeks to represent a class of California consumers that purchased Goldfish Crackers containing genetically modified soy since June 2009. Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals. *Adoma*, 711 F. Supp. 2d at 1148. Although plaintiff in the *Bolerjack* Action seeks to represent a

---

of *Alltrade*, the case does not stand for a blanket rule that there must be strict identity of parties for the first-to-file rule to apply.").

1 geographically larger class, plaintiffs in both actions intend to represent at least a class of California
2 consumers that purchased Cheddar Goldfish Crackers.

3 The Court further notes that while the class in the instant action includes "[a]ll California
4 persons who have purchased . . . Pepperidge Farm's Goldfish crackers," Koehler uses Cheddar
5 Goldfish crackers throughout the Complaint as his sole example of the allegedly mislabeled
6 product. (*See* Compl. ¶¶ 2, 33, 36, 44, and Exs. 2 & 3). Moreover, Koehler himself alleges that he
7 purchased Cheddar Goldfish crackers. (*Id.* ¶ 14.) Thus, despite residing in different states, Koehler
8 and Bolerjack are themselves similar because they were allegedly misled into buying identical
9 products. In addition, Koehler—having purchased Cheddar Goldfish—will become part of
10 Bolerjack's nationwide class, at least as to the common law claims, if that class is certified.

11 For these reasons, the Court finds there is substantial similarity between the parties
12 involved in both cases, and the second requirement of the first-to-file rule is satisfied.

### 3. Similarity of the Issues

14 The final factor considered is whether both actions involve similar issues. Courts
15 have held that the issues in the two actions must be *substantially similar*, rather than identical.
16 *Adoma*, 711 F. Supp. 2d at 1148 (citing *Inherent.com*, 420 F. Supp. 2d at 1097); *Schwartz*, 2012
17 WL 8147135, at *3 ("The issues need not be precisely identical for the first-to-file rule to apply; the
18 rule can apply even if the later-filed action brings additional claims."); *Intersearch Worldwide, Ltd.
19 v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("[A]s defendant correctly
20 notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues.").[5]

21 Pepperidge Farm argues that the core issue in both actions is "whether the 'Natural' label on
22 [its] Goldfish packages is misleading based on the allegation that the product contains soybean oil
23 derived from GMO soy." (Motion at 8.) Further, both cases assert claims under their respective

---

[5] *See also eNom, Inc. v. Philbrick*, C08-1288RSL, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (granting transfer under first-to-file rule despite the addition of a claim for declaratory judgment not present in the first-filed action); *PETA*, 2011 WL 686158, at *2 ([T]he first-to-file rule does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap.") (citation omitted); *Centocor*, 2002 WL 31465299, at *3 ("[C]ourts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter.").

state's consumer protection statutes (UCL, FAL, and CLRA versus CCPA), and there are common questions for class certification listed in the complaints. Pepperidge Farm also emphasizes that its defenses in both actions are identical. (Motion at 9.)

As with his argument regarding similarity of the parties, Plaintiff responds that the claims in this action are based on California law, whereas the claims in *Bolerjack* are based on Colorado law. "Any attempt by Defendant to apply Colorado law to Mr. Koehler's claims and his action is contrary to Ninth Circuit law and federal due process. . . . Accordingly, it should be uncontested that Mr. Koehler cannot be a party in the *Colorado* Action and that his claims will proceed regardless of whether the *Colorado* Action is certified." (Opposition at 5; *see also id.* at 8 ("Colorado law cannot apply to cover Mr. Koehler").)

The Court first addresses Koehler's constitutional argument. As stated by the Supreme Court, a change of venue, "with respect to state law, [is] but a change of courtrooms." *Van Dussen v. Barrack*, 376 U.S. 612, 639 (1964). Transferring the present case to the District of Colorado does not mean that Colorado law will apply to Koehler or his California class in the instant action. A transfer order by this Court would not necessarily result in consolidation of the matters; Koehler's action would remain independent from the *Bolerjack* Action, and the claims in each action would remain the same. Moreover, Plaintiff's constitutional argument is puzzling. Bolerjack purports to represent a *nationwide* class of consumers, but her counsel argues in this action that the *Bolerjack* Action, which is based on Colorado law, "cannot apply to cover Mr. Koehler, who is a California resident." (Opposition at 7.) Applying Plaintiff's counsel's logic, it is unclear how Bolerjack would be able to maintain a nationwide class at all.

In addition, the Court notes that while Bolerjack alleges one claim based on Colorado law (under Colorado's Consumer Protection Act), the other two claims for breach of express warranty and negligent misrepresentation are common law claims. Thus, it is not the case that Colorado law would be applied *carte blanche* to California residents. Because transfer would only result in a change of courtrooms (and not a change in Koehler's or Bolerjack's claims), Koehler's claims would remain based on California law and Bolerjack's claims will also remain the same as applied to the nationwide class, including to Koehler as a class member.

8

As to similarity of the issues, Koehler alleges a violation of the UCL, FAL, and CLRA. The *Bolerjack* Action alleges a violation of Colorado's equivalent consumer protection law as well as common law claims of breach of express warranty and negligent misrepresentation. The Court agrees with Pepperidge Farm that the thrust of the lawsuits is identical—plaintiffs complain that the products at issue in their respective lawsuits are deceptively labeled as "natural" because they contain genetically modified soy products and consumers are misled into purchasing the products. Similarly, in *Schwartz*, the court found two lawsuits to be substantially similar where both cases arose from the allegedly misleading "All-Natural" labeling of Frito-Lay Bean Dip and the plaintiff attempted to distinguish the second case with additional claims under different state law. 2013 WL 8147135, at *3. There, the court found that a contrary holding would go against the underlying purpose of the first-to-file rule. *Id.* (citing *Worthington v. Bayer Healthcare, LLC*, No. 11-3017, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012) ("Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule.")).

Here, the Court believes that a transfer of this case to the District of Colorado will serve the purpose of the first-to-file rule in promoting judicial efficiency and avoiding the possibility of conflicting judgments. The claims in both actions seek redress for consumers allegedly misled by the "natural" label on the products at issue. While Koehler purports to represent a class of consumers who bought any type of Goldfish Crackers, Koehler himself bought a product identical to Bolerjack and uses specific examples of only Cheddar Goldfish Crackers throughout his Complaint. Both actions will at least encapsulate California residents who purchased Cheddar Goldfish. In addition, the class periods in the actions overlap substantially: November 6, 2008 to November 6, 2012 in the *Bolerjack* Action compared to June 2009 to the present in the instant action.

Due to the overlapping claims, products, and class periods, a significant portion of discovery in the actions will be duplicative. The discovery already obtained in *Bolerjack* regarding Cheddar Goldfish distributed nationwide can be applied in the instant action. While additional discovery may be needed in the instant action, significant judicial efficiency will be gained and

9

resources will be conserved by having discovery managed in one district (and ideally, by the same court). Because the *Bolerjack* Action is well into discovery and approaching class certification, the *Bolerjack* court is well-suited to take on this role. Moreover, Koehler has failed to identify how discovery in the cases would be substantially different, nor has he presented any reason outweighing the judicial efficiency to be gained by transferring this action to Colorado.[6]

Finally, the Court notes that Plaintiff's counsel has articulated no reason why the Colorado district court could not adequately address the different issues in this action. The District of Colorado is certainly capable of applying California law and, due to the *Bolerjack* court's existing familiarity with that action, transfer of an action raising similar issues will promote judicial efficiency, as the instant action is in its early stages. *See, e.g.*, *Schwartz*, 2012 WL 8147135, at \*3 (finding that a New York Court is capable of dealing with actions arising under California law). In sum, Koehler has not demonstrated why equity prevents transfer of this case in light of the strong reasons supporting transfer.

For these reasons, the final requirement of the first-to-file rule is met, and the present case can, and should be transferred to the District of Colorado. As this matter is hereby transferred pursuant to the first-to-file rule, this Order will not address transfer under Section 1404(a).

### III. CONCLUSION

For the foregoing reasons, the Court finds that based on the first-to-file rule, this action should be transferred to the District of Colorado. Accordingly, Pepperidge Farm's Motion to Transfer this action is **GRANTED**.

This Order terminates Dkt. No. 12.

**IT IS SO ORDERED**.

Date: September 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[6] Notably, at least one attorney in the instant action for both Koehler and Pepperidge Farm is also involved in the *Bolerjack* Action. There is no apparent reason that counsel could not coordinate the additional discovery needed in the instant action in an efficient manner.